## SMALL v GARTNER

Ohio Appeals, 4th Dist, Pickaway Co·
Decided Dec. 19, 1930

Price and Price, Kenton, for Small.

Abernathy & Simpkins, Irvin E. Snyder, and Paul E. Adkins, all of Circleville, for Gartner.

### MAUCK, J.

It has been held in **Laundon v. Denman, 18 C. C. 857,** that the failure to index defeats a foreign execution lien as against the lien of a subsequent mortgagee. There is no inclination on the part of anyone to question the soundness of this holding. The only question is whether or not a subsequent judgment lien or execution lien occupies under these circumstances the same favorable position that a subsequent purchaser or mortgagee occupies. The question is one of great difficulty.

By **8543 GC** the failure to record a deed operates against the grantee thereof only in favor of a subsequent purchaser and a creditor derives no advantage from the failure to record. **Dow v. Bank, 87 Oh St 173.** Mortgages are recorded under **8542 GC** and they take effect only from the time of their presentation for record, and the failure to record them enables a subsequent judgment creditor to assert his lien as superior to the mortgage. **Hood v. Brown, 2 Oh St 266.** Constructive notice of a chattel mortgage is given by virtue of **8560 GC,** and by virtue of its terms creditors as well as subsequent purchasers can not be prejudiced by its existence where it is not filed according to law.

No perfect analogy between the case at bar and any of the instruments above referred to is possible because the priority of unrecorded deeds, mortgages and chattel mortgages depends upon the peculiar statutes authorizing their record. The lien arising by virtue of a foreign execution grows out of the creditor's right to a lien by virtue of his judgment. **Coal Co. v. Bank, 55 Oh St 233.** There was no such thing as a judgment lien at common law. Without the statute there would be no such a thing as a judgment or execution lien and such lien exists only to the extent that the law makes it such a lien. **11653 GC** authorizes the issue of an execution to a county other than the one wherein judgment was rendered, and **2837 GC prescribes what** shall be done to perfect the lien and the effect thereof. As the statutes cited relating to the record of deeds, mortgages and chattel mortgages by their terms prescribe the extent to which third parties shall be affected, so **2837 GC** provides that creditors of a judgment debtor shall only be placed upon their notice of an earlier foreign execution lien when all the entries required by **2837 GC** have been made, including the index, and until they have notice they are impliedly invited to levy on and sell the debtor's property. While subsequent execution and judgment creditors may not have been prejudiced by the failure to index they are not required to show prejudice in order to avail themselves of the defect in the earlier execution. If the earlier execution had been indexed other creditors might have learned of the fact, and if they had learned of the fact they might have taken other steps to protect themselves. These possibilities seem to have moved the legislature to place creditors and subsequent purchasers upon an equality so far as unindexed foreign execution liens are concerned.

We accordingly conclude that the claimed lien of The Hardin County Bank Company must yield to all of the other asserted liens.

An entry may be made in this court along the same lines as the entry in the Common Pleas and the case is remanded to the Common Pleas for execution.

Decree accordingly.

Middleton, PJ and Blosser, J, concur.